HENRY W. THOMAS, as Administrator, etc., Respondent, *v.*
GERD H. HENGES, Appellant.

In an action to recover damages for the death of plaintiff's intestate, caused by the falling of a derrick, the following facts appeared: Defendant owned real estate from which a dock projected beyond the division line, between his land and that of one W., on to the property of the latter. Defendant leased the whole dock to one M. for unloading stone. The decedent was an employe of M.; the derrick, which was unsafe and dangerous, stood upon the part of the dock that belonged to W.; it was erected by defendant's son at his own expense and for his own purposes. No evidence was given as to the relation between W. and defendant in regard to the occupation of the dock. *Held*, that M. and those who came to deliver stone at the dock had a right, under the circumstances, to assume that the whole dock was in the possession and under the con-

trol of defendant, and as to them, the duty was imposed upon him to keep the dock in a reasonably safe condition, and for a failure to perform that duty he was liable; that the fact that the legal title to the portion of the dock where the derrick was was in a third person, or that defendant would not have a legal right to go upon or repair it, was not available as a defense.

(Argued February 12, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for alleged negligence, causing the death of Samuel B. Henges, plaintiff's intestate, who was killed by the falling of a derrick upon a dock, the mast of which was insufficient and dangerous.

The facts, so far as material, are stated in the opinion.

*H. B. Hubbard* for appellant. In order to be entitled to recover, the plaintiff was bound to prove that the defendant was the owner of the part of the dock where the derrick was situated, or that he occupied that part of the dock; that the derrick was unsafe and caused the accident for which this action was brought. (*Carlton* v. *F. S. Co.*, 99 Mass. 216; *Barber* v. *Abendroth*, 102 N. Y. 406; *Dongan* v. *C. T. Co.*, 56 id. 1.) There was no evidence that the defendant knew of any defect in the pile, or that he had any reason to suspect that there was any defect in it. (*Laflin* v. *B. & S. W. R. Co.*, 106 N. Y. 136; *Stringham* v. *Hilton*, 111 id. 188.)

*James C. Church* for respondent. The pier in question being in the character of a public place and the deceased being lawfully there, the duty devolved upon the occupant of such pier to keep the same in repair. (*Swords* v. *Edgar*, 59 N. Y. 28; *Conavan* v. *Conklin*, 1 Daly, 509.) The defendant was in the occupation of and possession of the portion of the pier upon which this defective derrick existed. (*Ritch* v.

*Smith,* 82 N. Y. 627; *Flynn* v. *E. L. Ins. Co.,* 78 id. 575.) The defendant is guilty of negligence. (1 Thomp. on Neg. 316.)

*Per Curiam.* The line between the property of West and the defendant passed through the dock longitudinally. Boats which came to the dock seem to have been moored along the outer side of the dock towards the bay, alongside the defend-ant's part of the dock. The defendant let the use of the dock to Morrisey for unloading stone and charged so much for each boat load. There was no suggestion when he made the bargain with Morrisey that anyone else had any interest in the dock, or that only the part actually owned by the defendant was to be used. The relation between West and the defendant in respect to the occupation of the dock is left wholly unexplained by the evidence. It does not appear that West ever used his share of the dock for unloading, or received anything for its use, or that any arrangement whatever existed in respect to its use between him and the defendant. Morrisey had a right under the circumstances to assume that his privilege extended to the use of the whole dock in the customary way. The jury might properly find upon the evidence that those who came to the dock to deliver stone to Morrisey, came by the defendant's invitation, and as to such persons the dock at the point where the boat was moored, including the part occupied by the der-rick, was in the possession of the defendant. This imposed the duty upon the defendant to keep the part of the dock where the boat was moored, in a reasonably safe condition, and if the derrick, although on the part of the dock owned by West, was an unsafe structure and liable to cause injury to persons having a right to be on the dock, and did in fact occasion injury to a per-son so situated, the defendant was legally responsible if he knew or ought to have known of its unsafe condition. The derrick that injured the intestate was, as the evidence tends to show, unsafe and dangerous. The defendant did not erect it, nor did he receive any profit from its use. In fact it appears that it never had been used except on one occasion about a year prior

to the accident in question. The son of the defendant erected it at his own expense and for his own purposes.

The question of the defendant's liability does not, we think, turn upon the question whether the derrick was on West's side of the dock, or whether the defendant erected it or used it.

Morrisey and those who came to the dock to deliver stone by the permission of the defendant under the license to Morrisey, had a right to assume, in the absence of explanation, that the whole dock was in the possession and under the control of the defendant, and if they were injured by the unsafe condition of the dock, without negligence on their part, it would not constitute a defense to show that the legal title to the part of the dock where the unsafe condition existed, was in a third person, or that in fact the defendant had no legal right to go upon or repair it.

The defendant assumed a responsibility in thus using the dock, commensurate with the relation which they were justified in assuming he had to it.

The judgment should be affirmed.

All concur, except EARL, Ch. J., not voting.

Judgment affirmed.