JANE ANN HULSE, as Administratrix, etc., of CHARLES HULSE, Deceased, Appellant, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, Respondent.

*Negligence — care in unloading a car — duty of a railroad company to third parties.*

A railroad company is not bound to so load its cars that no accident can happen in unloading them.

In an action brought by an administratrix to recover the damages caused by an accident resulting in her intestate's death, it was shown that a third person was erecting a creamery on the lands of the defendant, a railroad corporation, at his own expense; that the lumber was delivered to him and his builder, who was erecting the building under a contract. The contractor and his employer took possession of the car, and proceeded to unload from the car the lumber, which was held in place by stakes, fastened on the top by crosspieces. In unloading the lumber the contractor had all of the stakes and crosspieces removed, whereupon the lumber fell on the plaintiff's intestate, causing his death.

Upon the trial of the action the plaintiff was nonsuited.

*Held,* that the plaintiff was properly nonsuited on the trial, the cars having been properly loaded and the company owing no duty to the deceased in respect thereto.

APPEAL by the plaintiff, Jane Ann Hulse, as administratrix, etc., from a judgment of nonsuit in favor of the defendant, entered in the office of the clerk of the county of Orange on the 17th day of November, 1892, and also from an order denying plaintiff's motion for a new trial made upon the minutes.

*W. F. O'Neill*, for the appellant.

*William Vanamee*, for the respondent.

Barnard, P. J.:

The facts in this case are substantially uncontradicted. The defendant company received a carload of lumber consigned to one of its engineers. One Berry was erecting a creamery on the company's lands at his own expense. The lumber was delivered to Berry and his builder, one Terwilliger. They took possession of the carload of lumber, and Terwilliger, who was building by contract with Berry, proceeded to unload the lumber from the car. It was held in place by four stakes, two on each side, and these stakes were fastened on the top by crosspieces. Terwilliger commenced to unload by removing all these stakes and crosspieces both sides. The man on top of the lumber, one of Terwilliger's men, removed these stakes and the lumber fell on the plaintiff's intestate, causing his death. The lumber was piled in separate piles in the car and there was nothing to hold one pile to the other piles when the stakes were removed, and this is the only fact on which the plaintiff alleges negligence in the company. The nonsuit was properly granted. The lumber was piled safely and was securely bound together until the contractor destroyed this security. The company were not bound to so load its cars that no accident could happen in unloading them after the stakes were removed. The piling was plainly to be seen and it was the height of imprudence not to notice the fact that a pile of boards, as high as this was piled, was liable to fall over if it was left without support. The company owed no duty to the deceased. Terwilliger was the contractor and he must respond to him. (*Heammer* v. *Webb*, 101 N. Y. 377; *McAlpin* v. *Powell*, 70 id. 126.)

The case is not like *Thomas* v. *Henges* (131 N. Y. 453). There the defendant owed a duty to keep a derrick on a dock in safe condition, and he failed to do so. It was a dock free for those who had business, to moor at and unload by means of this derrick. The derrick was left unsafe and broke, and the owner was held liable to the party injured, although he had not any particular interest in the load which was being delivered at the dock.

No negligence was proven, and the deceased is not shown to be free from contributory negligence, even if the owner owed her a duty in respect to the unloading of the car.

Judgment and order denying a new trial affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.